**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

STATE OF ARKANSAS *ex rel.*
DUSTIN MCDANIEL, ATTORNEY GENERAL                                    PLAINTIFF

    v.                    Case No:  4:12-cv-496

FINANCIAL LADDER, INC.;
BRENDA HELFENSTINE; AND
ANTONIO HELFENSTINE                                                  DEFENDANTS
_____

**DEFAULT JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS**
_____

Now on this 10th day of December, 2013, came on for consideration the Motion for Relief filed by the State of Arkansas ("the State") against Brenda Helfenstine and Antonio Helfenstine (referred to hereafter as "the individual Defendants"). The State appears through counsel, Assistant Attorney General Bart Calhoun. The individual Defendants have not responded to the State's Motion for Relief. Upon review of the pleadings filed by the parties to this action and affidavits submitted by the State and consideration of argument presented by counsel, this Court does hereby ORDER, ADJUDGE, and DECREE:

**I. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    **1.**  A Clerk's Default has been entered against the individual Defendants pursuant to Fed. R. Civ. P. 55(b)(1). The individual Defendants are in default. Pursuant to Fed. R. Civ. P. 55(a), the Motion for Default Judgment is GRANTED.

    **2.**  The conduct engaged in by the individual Defendants constitutes violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, the

Telemarketing Sales Rules, 16 C.F.R. § 310, the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, *et seq.*, the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.* ("DTPA"), and the Arkansas Advance Fee Loan Brokerage Act, ARK. CODE ANN. § 23-39-401, *et seq*.

3. The individual Defendants used an automated dialing system to place unwanted calls to Arkansas consumers in an attempt to receive money from the consumers for services the Defendants could not render. The text of these automated calls ("robo-calls") represented to consumers that the individual Defendants could lower their credit card interest rates. *Id*. Robo-calls and telemarketing calls to individuals on the Do-Not-Call list, except for limited exceptions that do not apply in this matter, are prohibited by federal and state law. Further, after receiving money from consumers in exchange for credit card interest rate services, the individual Defendants wholly failed to provide any service.

## **II. RELIEF**

4. Pursuant to ARK. CODE ANN. § 4-8-113(a)(1), this Court has the authority to enter such Orders or Judgments as may be necessary to prevent the use or employment of any practices prohibited by the DTPA. Further, under the provisions of the Telemarketing Act, 15 U.S.C. § 6103(a), this Court is empowered to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the Telemarketing Sales Rule. Accordingly, the defaulting individual Defendants, whether it be individually or through another entity, are hereby permanently enjoined and restrained from placing, or causing to be placed, unsolicited telemarketing robo-calls or unauthorized live telemarketing calls to consumers in the United States. They are further enjoined from owning, operating, or managing any business which markets services which purport to lower credit card interest rates or provide other debt

relief services as defined by the Telemarketing Sales Rule, 16 C.F.R. 310.2(m) or debt relief services as defined by ARK. CODE ANN. § 23-39-401(5)(A).

5. Pursuant to ARK. CODE ANN. § 4-8-113(a)(3), this Court has authority to impose civil penalties upon the Defendants based upon the Defendants' violations of the DTPA. Violations of the Arkansas Consumer Telephone Privacy Act are deemed pe*r se vi*olations of the DTPA. *See* ARK. CODE ANN. § 4-99-407. Based on the State's arguments and the affidavits attached to the State's Motion for Default Judgment, the Court finds that the Defendants have committed a minimum of five (5) violations of the Arkansas Consumer Telephone Privacy Act. The Court imposes a penalty of $10,000 for every violation of the DTPA. Further, the Arkansas Advance Fee Loan Brokerage Act prohibits loan brokers from assessing or collecting "an advance fee from a borrower to provide services as a loan broker." *See* ARK. CODE ANN. § 23-39-404(1). The individual Defendants violated the Arkansas Advance Fee Loan Brokerage Act five (5) times. Civil Penalties are assessed against the individual Defendants in the amount of $100,000. Judgment for Civil Penalties in the total amount of $100,000 is entered against the individual Defendants jointly and severally in favor of the State.

6. Three (3) consumers who contracted with the individual Defendants and their company did not receive a refund. Combined, the consumers lost a total amount of $3,395.90. Based on the State's arguments and the affidavits attached to the State's Motion for Default Judgment, the Court grants restitution in the amount of $3,395.90 against the individual Defendants jointly and severally in favor of the State.

7. The DTPA provides that "the Attorney General shall be entitled to all expenses reasonably incurred in the investigation and prosecution of suits. . . ." ARK. CODE ANN. § 4-88-

113(e). Based on the affidavit of counsel of record, the Attorney General's Office is awarded $4,500 for its efforts in this matter.

8. This Court maintains jurisdiction over this matter and the defaulting individual Defendants to ensure compliance with this order.

In conclusion, Plaintiff's Motion for Relief and Default Judgment Against the individual Defendants (ECF No. 45) is GRANTED. Plaintiff is awarded one hundred thousand dollars ($100,000) in civil penalties, three thousand three hundred ninety-five dollars and ninety cents ($3,395.90) in restitution, and four thousand five hundred dollars ($4,500) for the expenses of the Arkansas Attorney General's Office in bringing this action, for a total of one hundred seven thousand eight hundred ninety five dollars and ninety cents ($107,895.90) together with interest from this date until the date paid at the rate of .13% per annum against the individual Defendants, jointly and severally. The stay in this case is lifted.

SO ORDERED on this 10th day of December, 2013.

_____
HONORABLE JAMES MOODY
United States District Court Judge